UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                    :

  UNITED STATES OF AMERICA        :

                                    :

           - v. -              :

                                    :

  DJONIBEK RAHMANKULOV,       :

                                    :

               Defendant.      :             S4 20 Cr. 653 (RA)

                                    :

                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## THE GOVERNMENT'S REQUESTS TO CHARGE

1

# TABLE OF CONTENTS

.................................................................................................................................

INTRODUCTION ............................................................................................ 4

GENERAL INSTRUCTIONS ........................................................................... 5

**Request #1.** Court's Usual Instructions.......................................................... 5

**Request #2.** Summary of the Indictment........................................................ 7

**Request #3.** Multiple Counts .......................................................................... 8

**Request #4.** Definitions: Knowingly, Intentionally/Willfully ........................ 9

**Request #5.** Conspiracy and Substantive Counts......................................... 10

**Request #6.** Timing of Conspiracy Counts .................................................. 12

**Request #7.** Conspiracy Generally............................................................... 13

**Request #8.** Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business .................................................................................... 15

**Request #9.** Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business (Existence of Conspiracy – Element #1) ........................ 16

**Request #10.** Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business (Object of Conspiracy – Element #1) ........................... 18

**Request #11.** Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business (Definitions of Unlicensed Money Transmitting Business)......................... 19

**Request #12.** Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business (Definition of Operate) ........................................... 21

**Request #13.** Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business (Interstate or Foreign Commerce) ................................. 22

**Request #15.** Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business (Overt Act – Element #3) ......................................... 25

**Request #16.** Count Two: Conspiracy to Commit Money Laundering .................................... 27

**Request #17.** Count Two: Conspiracy to Commit Money Laundering (First Object - Concealment Money Laundering) ................................................................. 29

**Request #18.** Count Two: Money Laundering Conspiracy (First Object - Concealment Money Laundering – Element #1) ........................................... 30

**Request #19.** Count Two: Money Laundering Conspiracy (First Object -Concealment Money Laundering – Element #2) ........................................... 31

**Request #20.** Count Two: Money Laundering Conspiracy (First Object - Concealment Money Laundering – Element #3) ........................................... 33

**Request #21.** Count Two: Money Laundering Conspiracy (First Object - Concealment Money Laundering – Element #4) ........................................... 34

**Request #22.** Count Two: Money Laundering Conspiracy (Second Object—International Money Laundering) ................................................................. 36

**Request #23.** Count Two: Money Laundering Conspiracy (Second Object—International Money Laundering – Element #1) ........................................... 37

**Request #24.** Count Two: Money Laundering Conspiracy (Second Object - International Money Laundering – Element #2 and #3) ...................................... 38

**Request #25.** Count Two: Money Laundering Conspiracy (Specified Unlawful Activity – Wire Fraud Elements)................................................................. 40

**Request #26.**      Count Two: Money Laundering Conspiracy (Specified Unlawful Activity – Health Care Fraud Elements)..............................................................................43
**Request #27.**    Count Four: Bank Fraud.................................................................46
**Request #28.**    Count Four: Bank Fraud (Existence of a Scheme or Artifice – Element #1) ..... 47
**Request #29.**    Count Four: Bank Fraud (Intent to Defraud or Obtain Bank Money – Element #2)  ..............................................................................50
**Request #30.**    Count Four: Bank Fraud (Federally Insured Financial Institution – Element #3)  ..............................................................................51
**Request #31.**    Conscious Avoidance.....................................................................52
**Request #32.**    Venue ...........................................................................................54
**Request #33.**    Particular Investigative Techniques Not Required ............................55
**Request #34.**    Stipulations...................................................................................56
**Request #35.**    Charts and Summaries....................................................................57
**Request #36.**    Improper Considerations................................................................58
**Request #37.**    Preparation of Witnesses................................................................59
**Request #38.**    Cooperating Witness Testimony ....................................................61
**Request #39.**    Immunized Witnesses ....................................................................63
**Request #40.**    Persons Not On Trial......................................................................65
**Request #41.**    Law Enforcement Witnesses...........................................................66
**Request #42.**    Uncalled Witnesses—Equally Available to Both Sides....................67
**Request #43.**    Expert Witnesses............................................................................68
**Request #44.**    Defendant's Testimony ...................................................................70
**Request #45.**    Defendant's Right Not to Testify ....................................................71
**Request #46.**    Use of Transcripts ..........................................................................72
**Request #47.**    Conclusion.....................................................................................73

## INTRODUCTION

Pursuant to Rule 30, the United States respectfully submits the enclosed requests to charge the jury.

## GENERAL INSTRUCTIONS

### Request #1.    Court's Usual Instructions

The Government respectfully request that the Court give its usual instructions to the jury

on the following matters:

a.    Roles of Court and Jury

b.    Indictment not Evidence

c.    Statements of Court and Counsel not Evidence

d.    Burden of Proof and Presumption of Innocence

e.    Reasonable Doubt

f.    Jury's Recollection Controls

g.    Inferences

h.    Government Treated Like Any Other Party

i.    Definitions and Examples of Direct and Circumstantial Evidence

j.    Credibility of Witnesses

k.    Right to See Exhibits and Have Testimony Read During Deliberations

l.    Sympathy:  Oath as Jurors

m.    Interest in Outcome

n.    Punishment Is Not to Be Considered by the Jury

o.    Verdict of Guilt or Innocence Must be Unanimous

p.    Note-Taking by Jurors

q.    Duty to Base Verdict on Evidence

r.    Improper Considerations

5

s.      Motions, Objections, and Questions by the Court

**Request #2.    Summary of the Indictment**

The defendant, DJONIBEK RAHMANKULOV has been formally charged in a document called an Indictment.  The Indictment charges RAHMANKULOV in three counts. You will have a copy of the Indictment with you in the jury room and can read each count in its entirety.  I am going to provide only a brief summary now.

Count One charges RAHMANKULOV with conspiracy to operate an unlicensed money transmitting business, from at least in or about 2017 up to and including at least in or about September 2020.

Count Two charges RAHMANKULOV with conspiracy to commit money laundering, from in or about 2017 up to and including in or about September 2020.

Count Four charges RAHMANKULOV with bank fraud, from at least in or about December 2019 up to and including at least in or about September 2020.

**Request #3.    Multiple Counts**

As I just indicated, the Indictment charges RAHMANKULOV in three counts. Each count constitutes a separate offense or crime. You must consider each count separately, and you must return a separate verdict on each count in which the defendant is charged. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.[1]

---

[1]  Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 3-6.

**Request #4.    Definitions: Knowingly, Intentionally/Willfully**

Before I instruct you on each of the counts specifically, I will define some terms and concepts that will come up repeatedly throughout these instructions.

One set of terms relates to the state of mind of each defendant. Specifically, the defendant cannot be convicted of any crime unless, among other things, they acted "knowingly," and "willfully".

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law. A defendant need not have known that he was breaking any particular law or any particular statute. A defendant need only have been aware of the generally unlawful nature of his act. "Intentionally" and "Willfully" mean to act deliberately and with a bad purpose, rather than innocently.[2]

---

[2] Adapted from the charges of the Honorable Ronnie Abrams in *United States v. Patrick Muraca*, 17 Cr. 739 (RA) (S.D.N.Y. 2018) and *United States v. Tagliaferri*, 13 Cr. 115 (RA) (S.D.N.Y. 2014).

**Request #5.    Conspiracy and Substantive Counts**

In two counts, DJONIBEK RAHMANKULOV is charged with conspiring to commit various crimes—specifically, Counts One and Two, which charge him with conspiring to operate an unlicensed money transmitting business and with conspiring to commit money laundering. RAHMANKULOV is charged in Count Four with a substantive crime. I will instruct you as to each of those counts separately in just a moment.

A conspiracy count is different from a substantive count. A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish an unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. There can be no conspiracy unless at least two people reached such an agreement, whether express or implied.

A substantive count, on the other hand, charges a defendant with the actual commission of an offense. A substantive offense therefore may be committed by a single person, and it need not involve any agreement with anyone.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an object of the conspiracy. And because the essence of the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the crime, the commission of which was an objective of the conspiracy, ever was committed. In other words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if its purpose is not accomplished. Consequently, a conspiracy charge does not require proof that the crime or crimes that were the objective or objectives of the conspiracy actually were committed.

10

By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but does not require proof of an agreement. If a defendant both participates in a conspiracy and commits the crime or crimes that were the object or objects of the conspiracy, that defendant may be guilty of both the conspiracy and the substantive crime or crimes.[3]

---

[3]  Adapted from the charge given by the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (LAK).

**Request #6.    Timing of Conspiracy Counts**

The Indictments allege that the conspiracies charged in Counts One and Two as to

DJONIBEK RAHMANKULOV existed between in or about 2017 and in or about September

2020. It is not essential that the Government prove that the conspiracies alleged started and ended

within this specific time period. However, it is required that you find, with regard to each count,

that a conspiracy was formed and that it existed for some time within the period set forth in each

Indictment.[4]

---

[4] Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61
(LAP); Sand et al., *Modern Federal Jury Instructions*, Instr. 3-12.

**Request #7.    Conspiracy Generally**

Now, I'm going to begin by charging you on the law of conspiracy, and you will apply this instruction to the charge alleged in Counts One and Two, which requires proof of a conspiracy and the defendant's membership in that conspiracy, as described in more detail below.

A conspiracy to commit a crime is an entirely separate and different offense from the substantive crime which may be the object of the conspiracy. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

The essence of the crime of conspiracy is an agreement or understanding to violate the law. Thus, if a conspiracy exists, even if it should fail in its purpose to the break the law, the conspiracy is still punishable as a crime. Consequently, in a conspiracy charge there is no need to prove that the crime that was the objective of the conspiracy was actually committed.

By contrast, the substantive counts require proof that the crimes charged were actually committed, but do not require proof of an agreement. Of course, if a defendant both participates in a conspiracy to commit a crime and then actually commits that crime, the

defendant may be guilty of both the conspiracy and the substantive crime, as I will instruct you shortly.[5]

---

[5]  Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 19-2.

**Request #8.    Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business**

Count One of the Indictment charges RAHMANKULOV with conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371.  Count One charges:

*[The Court is respectfully requested to read Count One of the Indictment].*

To prove the defendant guilty of Count One, the Government must establish that the defendant knowingly and willfully joined the criminal conspiracy to operate an unlicensed money transmitting business.

To prove the defendant guilty on this count, the Government must prove beyond a reasonable doubt each of the following elements:

*First*, the existence of the conspiracy alleged in Count One. Did the conspiracy exist? Was there such a conspiracy?

*Second*, the Government must prove beyond a reasonable doubt that the defendant knowingly and willfully became a member of the conspiracy.

*Third*, the Government must prove that one of the conspirators—not necessarily the defendant, but any one of the people involved in the conspiracy—knowingly committed at least one overt act in furtherance of the conspiracy.[6]

---

[6]  Adapted from Modern Federal Jury Instructions, Instr. 19-3; *see also United States v. Salameh*, 152 F.3d 88, 145 (2d Cir. 1998) (listing the three "well settled" elements of conspiracy).

**Request #9.     Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business (Existence of Conspiracy – Element #1)**

Now, in order to prove the first element—the existence of the conspiracy—the Government must prove beyond a reasonable doubt that two or more people agreed to commit the unlawful act alleged, that is, agreed to operate an unlicensed money transmitting business.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law. The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy. The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating we agree to violate the law, and setting out the details about how they are going to do that. Your common sense will tell you that when people enter into a criminal conspiracy, much is left to their unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they broadcast their plans to the public. From its very nature, a conspiracy is almost always secret, both in its origin and in its execution. It is, therefore, sufficient if the Government proves beyond a reasonable doubt that two or more people arrived at a common understanding, either explicitly or impliedly, to violate the law, in some way or manner.

It is not required that any particular number of people joined together in order for the Government to prove that a conspiracy existed. You need only find that two or more people entered into the unlawful agreement alleged in order for you to find that a conspiracy existed.

In deciding whether the Government has proved the existence of a conspiracy beyond a reasonable doubt, you may consider all the evidence of the acts, conduct and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence. In deciding whether the conspiracy charged in Count One existed, you may consider not just what the alleged co-conspirators said, but also their acts and their conduct. The old adage "actions speak louder than words" is applicable here. Sometimes the only evidence available to demonstrate the existence of an agreement to violate the law is evidence about seemingly disconnected acts, which when you consider them in connection with each other, show that an agreement was reached to bring about a particular result. Evidence of this sort can prove the existence of a conspiracy as satisfactorily and conclusively as more direct proof.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that the defendant and at least one other alleged conspirator came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.[7]

---

[7]  Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 19-4, and Hon. Colleen McMahon, Jury Charge, *United States v. Louis Cherico*, 08 Cr. 786 (S.D.N.Y. 2011).

**Request #10.  Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business (Object of Conspiracy – Element #1)**

As I have just described, the prosecution must prove beyond a reasonable doubt that the defendant and at least one other alleged conspirator came to a mutual understanding, either spoken or unspoken, to accomplish a particular illegal goal or objective. This is what the law refers to as the "object" of the conspiracy, and the conspiracy alleged in Count One has, as its object, the operation of an unlicensed money transmitting business.  Accordingly, with respect to the defendant, you must find that he and at least one other alleged conspirator came to a mutual understanding, either spoken or unspoken, to operate an unlicensed money transmitting business.

The elements of the crime of operating an unlicensed money transmitting business in this context are as follows:

*First*, that a company acted as an unlicensed money transmitting business;

*Second*, that the defendant or a co-conspirator controlled, conducted, managed, supervised, directed, or owned all or part of that company knowing that it was used as a money transmitting business; and

*Third*, that operation of the money transmitting business affected interstate or foreign commerce.[8]

---

[8]  Adapted from the charge of the Hon. William H. Pauley in *United States v. Diaz*, 17 Cr. 77 (WHP).

**Request #11.  Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business (Definitions of Unlicensed Money Transmitting Business)**

Let me now instruct you on the meaning of the phrase "unlicensed money transmitting business."

"Money Transmitting Business"

A "money transmitting business" is a business which accepts funds for transfer within or outside the United States.  The term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier.[9]

A "business" is an enterprise that is carried on for profit or financial gain.  Thus, a single isolated transmission of money is not a business under this definition. However, a business need not have a physical storefront, be formally incorporated, or otherwise operate in a conventional manner in order to be a money transmitting business.  There is also no requirement under the law that the business exist solely for the purpose of engaging in money transmitting.[10]

"Unlicensed"

The money transmitting business must also be unlicensed.  There are three different ways a money transmitting business can be unlicensed.

---

[9]  Adapted from 18 U.S.C. § 1960(b)(2) and 31 U.S.C. § 5300(d)(1)(A).

[10]  Adapted from the charge of the Hon. William H. Pauley in *United States v. Diaz*, 17 Cr. 77 (WHP); *United States* v. *Mazza-Alaluf*, 607 F. Supp. 2d 484, 487, 489 (S.D.N.Y. 2009) (listing elements for 18 U.S.C. § 1960 and concluding that a company whose services "were varied, and included the transfer of funds to third parties on behalf of customers" functioned as unlicensed money transmitting business), *aff'd*, 621 F.3d 205 (2d Cir. 2010).

*First*, a money transmitting business must obtain a license from the state in which the business was operating; if it fails to obtain that state license, the business is unlicensed.

*Second*, a money transmitting business must register with the U.S. Department of the Treasury; if it fails to register, the business is unlicensed.

*Third*, a money transmitting business is unlicensed if it otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity.

It is for you to determine whether the money transmitting business was unlicensed. For the first two ways that the business can be unlicensed, however, you only need to find either that it was not licensed with the state in which it operated, or that it was not registered with the US Department of Treasury, not that it lacked both licenses.

The Government has the burden to prove that the defendant knew that the business was unlicensed. However, you do not need to find that the defendant – or any other member of the conspiracy – was aware that either state or federal law required that the money transmitting business be licensed or registered. In other words, the government does not need to prove that the defendant knew the unlicensed money transmission business was illegal.[11]

---

[11] Adapted from the charge of the Hon. William H. Pauley in *United States v. Diaz*, 17 Cr. 77 (WHP); *see* Modern Federal Jury Instructions, Instr. 50A-34 cmt. ("[T]he question whether a license is required and whether the failure to obtain such a license is criminally punishable are preliminary questions of law for the court. Thus, the recommended instruction asks the jury to determine whether the business was licensed, but not whether a license was required."); *United States* v. *Elfgeeh*, 515 F.3d 100, 132-33 (2d Cir. 2008) (holding that the Government now "need prove only that the defendant had 'know[ledge]' that the business was 'an unlicensed money transmitting business.'" (quoting 18 U.S.C. § 1960(a), as amended)).

**Request #12.  Count One: Conspiracy to Operate an Unlicensed Money Transmitting**

**Business (Definition of Operate)**

As I mentioned, the Indictment charges in Count One that the defendant joined a conspiracy to "operate" an unlicensed money transmitting business.

"Operate" in this context means conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business. The Government need not prove that the defendant in fact actually operated an unlicensed transmitting business, only that he intentionally joined a conspiracy knowing that the object of the conspiracy was to conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business.[12]

---

[12]  Adapted from the charge of the Hon. William H. Pauley in *United States v. Diaz*, 17 Cr. 77 (WHP).

**Request #13.  Count One: Conspiracy to Operate an Unlicensed Money Transmitting**

**Business (Interstate or Foreign Commerce)**

The last element of the object of the conspiracy charged in Count One is that the Government must establish beyond a reasonable doubt that the operation of the unlicensed money transmitting business affected interstate or foreign commerce.  Interstate or foreign commerce simply means the movement of goods, services, money or individuals between states or between the United States and a foreign country. It includes any transmission, transfer or transportation of funds or goods between one state or country and another, or communications between persons located in one state or country and another state or country, regardless of whether done for a business purpose or otherwise. Any effect on interstate or foreign commerce is sufficient to satisfy this element, no matter how minimal.

You do not have to decide whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general. The Government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

In addition, it is not necessary for the Government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.[13]

---

[13]  Adapted from the charge of the Hon. William H. Pauley in *United States v. Diaz*, 17 Cr. 77 (WHP); Modern Federal Jury Instructions, Instrs. 50A-36 and 50A-3; *United States* v. *Leslie*, 103 F.3d 1093, 1100-01 (2d Cir. 1997).

**Request #14.  Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business (Membership in Conspiracy – Element #2)**

If you conclude that the Government has proven beyond a reasonable doubt the existence of the conspiracy charged in Count One, you then have to consider whether the Government has proved the second element of the crime, which is that the defendant joined the conspiracy, and did so willfully, knowingly and with intent to further its unlawful purpose or objective.

A defendant can indicate his intent to join a conspiracy in many ways; no particular form of words or type of action is required, as long as it shows his intent, his conscious aim or objective to further the unlawful purpose of the conspiracy.

The Government must prove by evidence of the defendant's own actions and conduct beyond a reasonable doubt that he willfully and knowingly entered into the conspiracy, the agreement, with a criminal intent, that is, with a purpose to violate the law.

I described earlier what it means to act "willfully and knowingly."

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. The defendant need not have joined the conspiracy at the outset. The defendant may have joined it for any purpose at any time in its progress, and the defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association of one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant have participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement - that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that person withdrew and disassociated himself from it.[14]

---

[14] Adapted from Modern Federal Jury Instructions, Instr. 19-6; Hon. Colleen McMahon, Jury Charge, *United States* v. *Michael Binday et al.*, 12 Cr. 152 (S.D.N.Y. 2013).

**Request #15.  Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business (Overt Act – Element #3)**

The third element the Government must prove beyond a reasonable doubt for Count One is that at least one of the conspirators committed at least one overt act in furtherance of the conspiracy. The overt act element is a requirement that the agreement went beyond the mere talking stage, that one or more actual steps was taken in furtherance of the conspiracy's illegal object.

You need not find that each and every member of the conspiracy committed or participated in the overt act, or that the defendant you are considering personally did so; it is enough to find that one overt act was committed by one participant in the conspiracy.

For the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment or even any of the overt acts contained in the Indictment. Indeed, you may find that overt acts were committed that were not alleged at all in the Indictment. It is sufficient for the Government to show that the defendant or one of his alleged co-conspirators knowingly committed an overt act – whether specifically charged in the Indictment or not – in furtherance of the conspiracy. You must be unanimous on at least one such overt act.

The overt act must have been knowingly done by at least one conspirator in furtherance of some unlawful object of the conspiracy. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. You are therefore

instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.[15]

---

[15]  Adapted from Modern Federal Jury Instructions, Instrs. 19-7, 19-8; *see also Braverman* v. *United States*, 317 U.S. 49, 53 (1942) (overt act "may be that of only a single one of the conspirators and need not be itself a crime").

**Request #16.  Count Two: Conspiracy to Commit Money Laundering**

Count Two charges the defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).  Count Two charges:

*[The Court is respectfully requested to read Count Two of the Indictment].*

To prove Count Two, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged.  In other words, that two or more persons entered into the unlawful agreement to commit money laundering.

Second, that the defendant willfully and knowingly became a member of the conspiracy charged in Count Two.

These are the same first two elements as the charges in Count One.  Accordingly, except for certain differences I will explain to you in a moment, you should follow the instructions I have previously provided to you about conspiracies in connection with Count One.

The conspiracy charged in Count Two has a different object or criminal goal than the object of the conspiracy charged in Count One.  The conspiracy in Count Two alleges that the money laundering conspiracy had two objects:

The first object of the conspiracy charged in Count Two is a violation of the money laundering law that makes it illegal to participate in a financial transaction that involves the proceeds of specified unlawful activity (specifically, wire fraud and health care fraud), knowing that the transaction was designed to conceal or disguise the

nature, location, source, ownership or control of the proceeds of specified unlawful activity.  I will call this "concealment" money laundering.

The second object of the conspiracy charged in Count Two is a violation of the money laundering law that makes it illegal to transport, transmit, or transfer, a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, knowing that the monetary instrument or funds involved represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity (specifically, wire fraud and health care fraud).  I will call this "international" money laundering.

The Government need not prove that the defendant agreed to accomplish each of these two objects in order to convict the defendant of the conspiracy to commit money laundering charged in Count Two. Nor must you find that any of these two objects was actually accomplished. An agreement to accomplish either of the two objects is sufficient. However, you must all agree on the specific object that the defendant agreed to try to accomplish.[16]

-

---

[16] Adapted from the charge of the Honorable Lawrence M. McKenna in *United States* v. *Gonzalez*, 10 Cr. 141 (LMM) (2011) and Sand, *Modern Federal Jury Instructions*, Instr. 19-3.

**Request #17.  Count Two: Conspiracy to Commit Money Laundering (First Object -**

**Concealment Money Laundering)**

Concealment money laundering occurs when a defendant conducts a financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the proceeds of specified unlawful activity.  Here, the specified unlawful activity is wire fraud and health care fraud.

In order to prove concealment money laundering, the Government must establish the following four elements beyond a reasonable doubt:

First, that the defendant or a co-conspirator conducted (or attempted to conduct) a "financial transaction," which must in some way or degree have affected interstate or foreign commerce;

Second, that the financial transaction at issue involved the proceeds of specified unlawful activity, which here was wire fraud and health care fraud;

Third, that the defendant knew that the financial transaction involved the proceeds of some form of unlawful activity; and

Fourth, that the defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful activity.[17]

---

[17] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-7.

29

**Request #18.  Count Two: Money Laundering Conspiracy (First Object -**

**Concealment Money Laundering – Element #1)**

The first element of concealment money laundering is that the defendant conducted a financial transaction.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments.  I instruct you that an insured bank constitutes a "financial institution."

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through or to a financial institution by whatever means.  The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.

I described the definition of interstate and foreign commerce earlier, and I refer you back to my instruction on that point.[18]

---

[18] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-8.

**Request #19.  Count Two: Money Laundering Conspiracy (First Object -**

**Concealment Money Laundering – Element #2)**

The second element of concealment money laundering, which the Government must prove beyond a reasonable doubt, is that the financial transaction must involve the proceeds of "specified" unlawful activity.  Here, the "specified" unlawful activity are two-fold: wire fraud, in violation of Title 18, United States Code, Section 1343, and health care fraud, in violation of Title 18, United States Code, Section 1347.

I instruct you, as a matter of law, that the term "specified unlawful activity" includes wire fraud and health care fraud.  The Government does not need to prove both of these specified unlawful activities.  It is sufficient if you find that the Government has proven beyond a reasonable doubt that the financial transaction involved the proceeds of wire fraud, or that it involved the proceeds of health care fraud.  You must agree unanimously as to which of these specified unlawful activities the Government has proven, and you must agree unanimously that a financial transaction involved the proceeds of that specified unlawful activity.  I'll give you the elements of wire fraud and health care fraud in a few moments, after I have finished describing the elements of money laundering.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.[19]

---

[19] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-8.

**Request #20.  Count Two: Money Laundering Conspiracy (First Object -**

**Concealment Money Laundering – Element #3)**

The third element of concealment money laundering, which the Government must prove beyond a reasonable doubt, is that the defendant knew that the financial transaction at issue involved the proceeds of some form, though not necessarily which form, of unlawful activity.

Keep in mind that it is not necessary for the defendant to believe that the proceeds came from the wire fraud or health care fraud scheme, for which I will provide the elements in a moment; it is sufficient that the defendant believed that the proceeds came from some unlawful activity.[20]

---

[20] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-9.

**Request #21.  Count Two: Money Laundering Conspiracy (First Object -**

**Concealment Money Laundering – Element #4)**

The fourth and final element of concealment money laundering concerns the

<u>purpose</u> of the transaction.

Specifically, the Government must prove beyond a reasonable doubt that the

defendant conducted a financial transaction with knowledge that the transaction was

designed in whole or in part to conceal or disguise the nature, location, source, ownership,

or control of the proceeds of the specified unlawful activity.

As I have previously instructed, to act knowingly means to act purposely and

deliberately and not because of mistake or accident, mere negligence, or other innocent

reason.  That is, the acts must be the product of the defendant's conscious objective.  If

you find that the evidence establishes beyond a reasonable doubt that the defendant knew

the purpose of the particular transaction in issue and that the transaction was either

designed to conceal or disguise the true origin of the property in question, then this

element is satisfied. However, if you find that the defendant knew of the transaction, but

did not know that it was either designed to conceal or disguise the true origin of the

property in question, but instead thought that the transaction was intended to further an

innocent transaction, you must find that this element has not been satisfied and find the

defendant not guilty.

For the fourth element to be satisfied, the defendant need not know which

"specified unlawful activity" he was agreeing to help conceal.  He need only know that a

purpose of the financial transaction was concealing the nature, location, source,

ownership, or control of the funds.[21]

---

[21] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-10.

**Request #22.  Count Two: Money Laundering Conspiracy (Second Object—**

**International Money Laundering)**

I will now discuss the second object of the conspiracy charged in Count Two of the Indictment, what I called earlier "international" money laundering.

In order to prove the crime of international money laundering, the Government must establish beyond a reasonable doubt each of the following three elements:

First, that the defendant knowingly transported, transmitted, or transferred a monetary instrument or funds from a place in the United States to or through a place outside the United States *or* to a place in the United States from or through a place outside the United States.

Second, that the defendant did so with knowledge that the monetary instrument or funds involved represent the proceeds of some form of unlawful activity;

Third, that the defendant knew that the transportation, transmission, or transfer was designed, in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.[22]

---

[22] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-16; *Cuellar v. United States*, 553 U.S. 550, 128 S. Ct. 1994, 170 L. Ed. 2d 942 (2008).

**Request #23.  Count Two: Money Laundering Conspiracy (Second Object—**

**International Money Laundering – Element #1)**

The first element that the government must prove for international money

laundering, beyond a reasonable doubt is that the defendant transported, transmitted, or

transferred, or attempted to transport, transmit, or transfer a monetary instrument or funds

from a place in the United States to or through a place outside the United States (or to a

place in the United States from or through a place outside the United States).[23]

---

[23] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-17; *Cuellar v. United States*, 553 U.S. 550, 128 S. Ct. 1994, 170 L. Ed. 2d 942 (2008).

**Request #24.  Count Two: Money Laundering Conspiracy (Second Object -**

**International Money Laundering – Element #2 and #3)**

The second and third elements of the crime constituting the second object of the money laundering conspiracy charged in Count Two refer to concepts previously defined with respect to the first object of Count Two, namely the terms "specified unlawful activity" and "some form of unlawful activity" and the concept of concealment of or disguising the location, source, ownership, or control of the proceeds of specified unlawful activity.  The same definitions and instructions provided previously apply to these terms as they appear in connection with this second object of Count Two.  As I told you before, the Government must prove beyond a reasonable doubt that the defendant knew that the financial transactions at issue involved the proceeds of some form of unlawful activity, but not necessarily which form of unlawful activity.

With respect to concealment, as that concept relates to this second object of the conspiracy charged in Count Two, this element is the same as the concealment element in the first object of the conspiracy charged: in other words, the Government must prove beyond a reasonable doubt that the defendant transported, transmitted, or transferred the property involved in the transaction with knowledge that the transportation, transfer, or transmission was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the wire fraud or health care fraud schemes.  As I mentioned, I will provide you with the definitions of wire fraud and health care fraud in a moment, and those apply to both the first and second objects

of the conspiracy charged in Count Two.  As I instructed you before, as a matter of law, the term "specified unlawful activity" includes wire fraud and health care fraud.[24]

---

[24] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-19.

**Request #25.  Count Two: Money Laundering Conspiracy (Specified Unlawful Activity – Wire Fraud Elements)**

As I mentioned before, in order for the Government to establish the elements of both objects of Count Two, the Government must establish that the objects of conspiracy were to launder money that was the proceeds of specified unlawful activity.  As charged here, the Government must establish that specified unlawful activity was wire fraud and/or health care fraud.  However, the Government need not prove that the defendant participated in wire fraud or health care fraud.  Rather, the Government must prove beyond a reasonable doubt that the defendant knowingly and willfully conspired to launder the proceeds of wire fraud and/or health care fraud.  I will now instruct you about the elements of wire fraud and health care fraud.

The wire fraud statute reads as follows - It is a crime for a person:

> having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

The elements of the substantive crime of wire fraud, which is one of the specified unlawful activities, are:

First, that there was a scheme or artifice to defraud others of money or property by materially false or fraudulent pretenses, representations, or promises;

Second, that one or more participants in that scheme knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

<u>Third</u>, that in the execution of that scheme, the one or more participants in that scheme used, or caused the use by others of, interstate or foreign wires.[25]

As to the first element, a "scheme or artifice" is simply a plan for the accomplishment of an object.  Fraud is a general term.  It includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.  Thus, a scheme to defraud is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.[26]

As to the second element, the Government must establish beyond a reasonable doubt that one or more participants in the fraud scheme devised or participated in the fraudulent scheme knowingly and with the specific intent to defraud.  To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.  To act knowingly means to act voluntarily and deliberately, rather than mistakenly or inadvertently.[27]

---

[25] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3 (based on the charge of the Honorable Edward Weinfeld in *United States v. Ranney*, 82 Cr. 771 (EW) (1983)).

[26] Adapted from *Sand, et al., Modern Federal Jury Instructions, Instr.* 44-3, 44-4, 44-13, 44-14, 44-15, 44-16; adapted from the Jury Charge of Hon. J. Paul Oetken, *United States v. Middendorf*, 18 Cr. 0036 (S.D.N.Y. 2019); Jury Charge of Hon. Lewis A. Kaplan, *United States v. Blaszczak*, 17 Cr. 357 (S.D.N.Y. 2018).

[27] Adapted from the Jury Charge of Hon. J. Paul Oetken, *United States v. Middendorf*, 18 Cr. 0036 (S.D.N.Y. 2019); Jury Charge of Hon. Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); *United States v. McGinn*, 787 F.3d 116, 122-23 (2d Cir. 2015) (*mens rea* requirement for wire fraud is fraudulent intent, or "conscious knowing intent to defraud").

The third and final element the Government must prove beyond a reasonable doubt is that in the execution of that scheme, the one or more participants in that scheme used, or caused the use by others of, interstate or foreign wires (for example, phone calls, e-mail communications, text messages, or wire transfers of funds). An interstate wire is a wire that passes between two or more states. A foreign wire is a wire that passes between the United States and someplace outside the United States. The use of the wire need not itself be a fraudulent representation. It must, however, further or assist in some way in carrying out the scheme to defraud. It is not necessary that any of the participants in the wire fraud scheme be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the participants participated in.

Only the wire communication must be reasonably foreseeable, not its interstate or foreign component. Thus, if you find that the wire communication was reasonably foreseeable, and the interstate or foreign wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.[28]

---

[28] Adapted from Sand, *Modern Federal Jury Instructions*, 44-7 (based on the charge of the Honorable Edward Weinfeld in *United States v. Ranney*, 82 Cr. 771 (S.D.N.Y. 1983)); and the charge of the Honorable Ronnie Abrams in *United States v. Tagliaferri*, 13 Cr. 115 (S.D.N.Y. 2014).

**Request #26.  Count Two: Money Laundering Conspiracy (Specified Unlawful**

**Activity – Health Care Fraud Elements)**

The health care fraud statute reads as follows -  It is a crime for any person who:

knowingly and willfully executes, or attempts to execute, a scheme or artifice—
(1) to defraud any health care benefit program; or (2) to obtain, by means of false
or fraudulent pretenses, representations, or promises, any of the money or property
owned by, or under the custody or control of, any health care benefit program, in
connection with the delivery of or payment for health care benefits, items, or
services

The elements of the substantive crime of health care fraud are:

First, the existence of either (a) a scheme or artifice to defraud or (b) a scheme or

artifice to obtain money or property by means of materially false and fraudulent pretenses,

representations, or promises, in connection with the delivery of or payment for health care

benefits, items, or services;

Second, one or more participants of the health care fraud knowingly and willfully

executed or attempted to execute the scheme with the intent to defraud, or one or more of

the participants of the health care fraud knowingly and intentionally aided or abetted

others in the scheme; and

Third, the target of the scheme was a health care benefit program.[29]

As to the first element of health care fraud, as I described earlier, a "scheme or

artifice" is simply a plan for the accomplishment of an object.  Fraud is a general term.  It

includes all the possible means by which a person seeks to gain some unfair advantage

over another person by false representations, false suggestion, false pretenses, or

---

[29]  Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-3, 44-4, 44-13,
44-14, 44-15, 44-16.

concealment of the truth. Thus, a scheme to defraud is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The second element of health care fraud is that one or more participants of the health care fraud devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud. As I described earlier, to "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.

In order to establish that someone committed health care fraud, the Government must prove that one or more individuals knowingly and willfully participated in the charged scheme with a specific intent to defraud. A person acts with "specific intent to defraud" if he or she engages or participates in a scheme to defraud or to obtain money by false or fraudulent pretenses, representations or promises with some realization of the scheme's fraudulent or deceptive character, and with an intention to be involved in the scheme, and to help it succeed, with a purpose of causing harm to a victim – here, federal government programs Medicare and Medicaid. The Government need not prove that the intended victims were actually harmed; only that such harm was contemplated. People are presumed to intend the natural and probable consequences of their actions. So when the necessary result of the scheme in which the person is participating is to injure others, fraudulent intent may be inferred from the scheme itself.[30]

---

[30] Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-3, 44-4, 44-13, 44-14, 44-15, 44-16, and the Jury Charge of Hon. J. Paul Oetken, United States v. Middendorf, 18 Cr. 0036 (S.D.N.Y. 2019); Jury Charge of Hon. Shira A. Scheindlin in United States v. Vasilevsky, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); United States v. McGinn, 787 F.3d 116, 122-23 (2d Cir. 2015) (mens rea requirement for wire fraud is fraudulent intent, or "conscious knowing intent to defraud").

Finally, with respect to the third element of health care fraud, the Government must establish that the target of the scheme was a health care benefit program.  I instruct you that Medicare and Medicaid are health care benefit programs under the law.

**Request #27.  Count Four: Bank Fraud**

Count Four charges the defendant with committing bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2.  Count Four charges:

*[The Court is respectfully requested to read Count Four].*

The elements of bank fraud are as follows:

<u>First</u>, that there was a scheme to defraud a bank or credit union <u>or</u> a scheme to obtain money owned by or under the custody or control of a bank or credit union, by means of false or fraudulent pretenses, representations, or promises;

<u>Second</u>, that the defendant executed or attempted to execute the scheme with the intent either to defraud the bank or credit union or to obtain money or funds owned by or under the custody or control of the bank or credit union; and

<u>Third</u>, that the bank or credit union involved was federally insured.[31]

---

[31] Adapted from the charge of the Honorable Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); Sand, *Modern Federal Jury Instructions*, Instr. 44-9.

**Request #28.  Count Four: Bank Fraud (Existence of a Scheme or Artifice – Element #1)**

The first element of bank fraud is that there was a scheme to defraud a bank or credit union <u>or</u> a scheme to obtain money owned by or under the custody or control of a bank or credit union, by means of false or fraudulent pretenses, representations, or promises.

This element requires proof of the existence of only one of these. That is, <u>either</u> that there existed a scheme to defraud a bank or credit union <u>or</u> a scheme to obtain property under the custody or control of a bank or credit union by means of fraudulent pretenses, representations, or promises.

In order to prove the first theory of bank fraud, that there was a "scheme to defraud a bank or credit union," the Government must prove beyond a reasonable doubt that there was a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank or credit union into releasing property.

A fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.[32]

---

[32]  Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-10.

In order to prove the second theory of bank fraud, the government must prove beyond a reasonable doubt that there was a scheme to obtain money or property owned by or under the custody and control of a bank or credit union by means of false or fraudulent pretenses, representations or promises. A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

With respect to the second theory of bank fraud, it is not necessary that the false or fraudulent pretenses, representations, or promises were made directly to the bank itself. It is sufficient if they were made to any person, so long as the false or fraudulent pretenses, representations or promises were the mechanism naturally inducing the bank (or custodian of bank property) to part with money in its control.[33]

As to either theory, the deception need not be premised upon spoken or written words alone. The arrangement of the words, the omission of words, or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

In considering this element of bank fraud, it is unimportant whether a bank actually relied on a misrepresentation. It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision.[34]

---

[33] *See Loughrin v. United States*, 573 U.S. 351, 363 (2014) ("Section 1344(2)'s 'by means of' language is satisfied when, as here, the defendant's false statement is the mechanism naturally inducing a bank (or custodian of bank property) to part with money in its control.")

[34] *See Neder v. United States*, 527 U.S. 1, 25 (1999) (holding that federal fraud statutes do not incorporate a reliance element).

It is not necessary for the Government to prove that the financial institutions actually lost money or were deprived of property as a result of the scheme.[35] It also does not matter whether any of the banks involved might have discovered the fraud had the bank probed further. If you find that a scheme or artifice existed, it is irrelevant whether you believe that any of the banks involved was careless, gullible, or even negligent.[36]

---

[35]

[36] *See United States v. Cherico*, No. 08 Cr. 786 (S.D.N.Y.) (CM), Oct. 31, 2011 Tr. at 1498:20-24.

**Request #29.  Count Four: Bank Fraud (Intent to Defraud or Obtain Bank Money – Element #2)**

The second element of bank fraud is about the defendant's intent. There are two ways that this element can be met.

The first way this element can be met is if the defendant executed, attempted to execute, or participated in the scheme or artifice knowingly, willfully, and with the intent to defraud the bank or credit union. I've already provided you with the definitions of knowingly and willfully and you should apply those same definitions here. To act with a "specific intent to defraud" requires the defendant intended, at least in part, to deceive one or more federally insured banks or credit unions. The defendant need not intend to cause the banks or credit unions any financial loss.

The second way this element can be met is if the defendant executed or attempted to execute the scheme knowingly and willfully and with the intent to obtain money or funds owned or under the custody or control of the bank. It is not necessary that the defendant intended to defraud a bank.[37] It is also not necessary that the defendant intended to cause harm to the issuing bank or credit union (such as by causing them to lose money), or to anyone else.[38] This element requires that the defendant engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive character and with an intention to help it succeed. It is not required that the defendant participate in or have knowledge of all the operations of the scheme.

---

[37]  *See Loughrin v. United States*, 573 U.S. 351, 355-356 (2014) (holding that Section 1344(2) of the bank fraud statute does not require that a defendant intended to defraud a bank).

[38] *United States v. Lebedev*, 932 F.3d 40, 49 (2d Cir. 2019)

**Request #30.  Count Four: Bank Fraud (Federally Insured Financial Institution – Element #3)**

The third element of the crime of bank fraud is that a financial institution in question was federally insured at the time of the scheme. This simply means that the financial institution was a bank insured by the Federal Deposit Insurance Corporation or a credit union with accounts insured by the National Credit Union Share Insurance Fund during the time frame alleged in the Indictment. The Government need not show that the defendant knew that a financial institution was federally insured to satisfy this third element.[39]

---

[39] See Sand, Modern Federal Jury Instructions, Instr. 44-11; 18 U.S.C. § 20(1) & (2).

**Request #31.  Conscious Avoidance**
[If Applicable]

As I have explained, the charges in this case require that the Government prove that the defendant acted knowingly with respect to certain facts.

In determining whether a defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him.  I would like to point out that the necessary knowledge on the part of the defendant with respect to any particular charge cannot be established by showing that the defendant was careless, negligent, or foolish; however, one may not willfully and intentionally remain ignorant of a fact which is material and important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that he was committing a crime, but that the defendant deliberately avoided confirming this fact, such as by intentionally closing his eyes to it or intentionally failing to investigate it, then you may find the defendant acted knowingly; in other words, a defendant cannot avoid criminal responsibility for his own conduct by deliberately closing his eyes or remaining purposefully ignorant of facts which would confirm to him that he was engaged in unlawful conduct.  However, if you find that the defendant had an actual, good faith belief that he was acting properly, he may not be convicted on the count you are considering.  In making this assessment, you may consider whether the defendant's belief was actually reasonable or actually unreasonable in deciding whether he held that belief in good faith.

With respect to the conspiracy counts, you must keep in mind that there is an important difference between intentionally participating in the conspiracy, on the one

hand, and knowing the specific objects of the conspiracy, on the other. You may consider

conscious avoidance in deciding whether a defendant knew the unlawful objectives of a

conspiracy, that is, whether a defendant reasonably believed that there was a high

probability that a goal of the conspiracy was to commit the crime charged as the object of

that conspiracy and deliberately avoided confirming that fact, but participated in the

conspiracy anyway. But conscious avoidance cannot be used as a substitute for finding

that a defendant intentionally joined the conspiracy in the first place. It is logically

impossible for a defendant to intend and agree to join an agreement with another person if

he does not actually know the agreement exists, and that is the distinction I am drawing.

In sum, if you find that a particular defendant believed there was a high probability

that a fact was so and that the defendant deliberately and consciously avoided learning the

truth of that fact, you may find that the defendant acted knowingly with respect to that

fact. However, if you find that the defendant actually believed the fact was not so, then

you may not find that he acted knowingly with respect to that fact.[40]

---

[40] Adapted from *United States v. Moore*, 18 Cr. 759 (RMB), Tr. 32-33; *United States v. Lebedev*, 15 Cr. 769 (AJN); *United States v. Juan Cespedes-Pena*, 14 Cr. 520 (KMW); Sand, Instruction 3A-1.

**Request #32.  Venue**

In addition to all of the elements I have described, you must consider the issue of venue, namely, whether any act in furtherance of each of the charges you are considering occurred within the Southern District of New York, and it was reasonably foreseeable to the defendant that the act would take place in the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

In this regard, the Government need not prove that the entirety of the charged crime was committed in the Southern District of New York, or that the defendant was present here.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred within the Southern District of New York.

I should note that on this issue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that an act in furtherance of the crime was committed in this District.

If you find that the Government has failed to prove the venue requirement as to any particular count of the Indictment, then you must acquit the defendant as to that count. You must consider venue as to each count separately.[41]

---

[41]  Adapted from Sand, Modern Federal Jury Instructions, Instruction 3-11; and from *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010), *United States v. Benito del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012), *United States v. Keshawna Clinton*, 10 Cr. 34 (DLC) (S.D.N.Y. 2011), and *United States v. Omar Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010).

### Request #33.  Particular Investigative Techniques Not Required
[If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities.  There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern. Your only concern is whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.[42]

---

[42]  Sources: *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010), *United States v. Jose Morales*, 11 Cr. 29 (DLC) (S.D.N.Y. 2011), *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

**Request #34.  Stipulations**

In this case you have also heard evidence in the form of stipulations.  A stipulation of fact is an agreement among the parties that a certain fact or set of facts is true.  You must regard such agreed facts as true.  It is for you, however, to determine the effect to be given any stipulated fact.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect or weight to give that testimony.[43]

---

[43] Sources: *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010), *United States v. Leight*, No. 04 Cr. 1372 (SCR) (S.D.N.Y. 2006); *see also* Sand, Instruction 5-6.

**Request #35.  Charts and Summaries**

Some of the exhibits in this case are charts and summaries. The information contained in these charts and summaries is based upon other exhibits admitted in evidence in the case as well as upon testimony presented during the case.  The sources of information for the charts and summaries are noted in the charts and summaries themselves.

The charts and summaries were admitted as visual or organizational aids in order to assist you in considering the evidence.  They are not themselves direct evidence of the charged crime.

Thus, it is the underlying evidence that determines what weight, if any, these charts and summaries deserve.  It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and exhibits on which they are based.  It is also for you to determine what weight to give the underlying evidence. You are entitled to consider the charts and summaries if you find that they assist you in analyzing and understanding the evidence.[44]

---

[44] Source: *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010).

## Request #36.  Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, gender, sexual orientation or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation or age of any witness or anyone else involved in this case.  Each defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.[45]

---

[45]  Source: *United States v. Kamara*, 01 Cr. 979 (RMB) (S.D.N.Y. 2003).

**Request #37.  Preparation of Witnesses**
[If Applicable]

You heard reference during the trial to the fact that witnesses had discussed the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.[46]

---

[46]  Source: *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010); *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

**Request #38.   Cooperating Witness Testimony**

You have heard from witnesses who testified that they were actually involved in the conspiracy charged in the Indictment.  As you heard, these witnesses testified pursuant to cooperation agreement with the Government.  Let me say a few things on the subject of the testimony of cooperating witnesses that you should consider during your deliberations.

The Government frequently must rely on the testimony of cooperating witnesses who admit participating in alleged crimes to detect and prosecute wrongdoers, and the law allows the use of the testimony of such witnesses.  Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury unanimously finds that the testimony establishes guilt beyond a reasonable doubt.

However, cooperating witness testimony is testimony that must be scrutinized with great care and viewed with particular caution when you decide how much, if any, of the testimony to believe.  I will not repeat to you the general considerations on credibility I've given, but let me say a few things about cooperating witnesses in particular that you may want to consider.

With a cooperating witness, you should ask yourselves whether the witness would benefit more from lying or telling the truth.  Was the witness's testimony made up in any way because they believed or hoped that they would receive more favorable treatment by testifying falsely?  Or did the witness believe that their interests would be served by testifying truthfully?  If you think a witness was motivated by hopes of personal gain, was the motivation one that would cause the witness to tell the truth or to lie?  Did this motivation color their testimony?

Further, you heard that the witness testified pursuant to an agreement with the Government.  While I caution you that it is no concern of yours why the Government made an agreement with the witness, you may consider the fact that an agreement exists and how it may impact on the truthfulness of that particular witness's testimony.

You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that one or more Government witnesses pleaded guilty to similar charges.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

As always, it is for you to decide how much weight, if any, to give to any witness's testimony.[47]

---

[47]  Adapted from: the charge of the Honorable Kenneth M. Karas in *United States* v. *Grecco*, 14 Cr. 760; the charge of the Honorable Cathy Seibel in *United States* v. *Boria, et al.*, 16 Cr. 478; the charge of the Honorable Vernon S. Broderick in *United States* v. *Ramos-Nunez*, 14 Cr. 102; and Sand et al., Modern Federal Jury Instructions, Instr. 7-110.

**Request #39.  Immunized Witnesses**
[If Applicable]

You have heard the testimony of [insert name(s)] who testified under a grant of immunity from this Court. What this means is that the testimony of the witness may not be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with great care. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests.

If after a careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

In addition, it does not follow that simply because a person may have participated in criminal conduct, that he is incapable of giving truthful testimony.  Further, it is of no concern of yours why a witness received court-ordered immunity.  Your sole concern is whether a witness has given truthful testimony in this courtroom before you.  As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may

accept his testimony in other parts, or may disregard all of it.  That is a determination

entirely for you, the jury.[48]

---

[48]  Sources: Sand, Instruction 7-8; *see United States v. Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and *United States v. Cheung Kin Ping*, 555 F.2d 1069, 1073 (2d Cir. 1977) (same)

**Request #40.  Persons Not On Trial**

You may not draw any inference, favorable or unfavorable, toward the

Government or the defendant from the fact that any person other than the defendant is not

on trial here.  You also may not speculate as to the reasons why other persons are not on

trial.  Those matters are wholly outside your concern and have no bearing on your

function as jurors.[49]

---

[49] Sources: *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010); *United States v. Jose Morales*, 11 Cr. 29 (DLC) (S.D.N.Y. 2011).

**Request #41.  Law Enforcement Witnesses**

You have heard testimony from law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.[50]

---

[50] Sources: Sand, Modern Federal Jury Instructions, Instruction 7-16; *United States v. Cheng Le*, 15 Cr. 38 (AJN) (S.D.N.Y. 2015).

**Request #42.  Uncalled Witnesses—Equally Available to Both Sides**

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.[51]

---

[51] Sources: Sand, Modern Federal Jury Instructions, Instruction 6-7; *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010); *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); accord United States v. Brown, 511 F.2d 920, 925 (2d Cir. 1975).

**Request #43.  Expert Witnesses**
[If Applicable]

You have heard testimony from what we call an expert witness/expert witnesses, [Insert Names].  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in a specialized field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether to believe a witness's testimony.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve in light of all of the evidence in this case.   If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony.[52]

---

[52] Source: *United States v. Attilla* (Tr. 2373-74).

**Request #44.  Defendant's Testimony**
[If Applicable]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any other witness.[53]

---

[53] Sources: *United States v. Brutus*, 505 F.3d 80, 88 (2d Cir. 2007); *United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

**Request #45.  Defendant's Right Not to Testify**
[If Applicable]

The defendant did not testify in this trial.  Under our Constitution, a defendant has no obligation to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove a thing.  Of course, a defendant is not required to testify.

You may not attach any significance to the fact that the defendant chose not to testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against him in any way in your deliberations in the jury room. [54]

---

[54] Sources: *United States v. Jeffrey Otis Redden*, 02 Cr. 1141 (LAK) (S.D.N.Y. July 27, 2004).

**Request #46.  Use of Transcripts**
[If Applicable]

In connection with the recording that was admitted into evidence, a transcript was provided to you as an aid or guide to assist you in listening to the recording.  However, the transcript is not itself evidence.  You should make your own interpretation of the recording based on what you heard.  If you think you heard something differently than what appears on the transcript, then what you heard is controlling.  If you wish to hear the recording again, or see the transcript as an aid, it will be made available to you during your deliberations. [55]

---

[55] Source: *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010).

**Request #47.  Conclusion**

 Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to Counts One through Five of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you have a reasonable doubt as to the defendant's guilt as to a particular charge, you must return a verdict of not guilty as to that charge.  On the other hand, if you find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you must render a verdict of guilty.

Let me remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case

and the applicable law.  Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.  Both sides are entitled to a fair trial.  You are to make a fair and impartial decision so that you come to a just verdict.[56]

\*    \*    \*

In submitting these requests to charge, the Government reserves the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
       August 1, 2022

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:     /s/Thane Rehn
       Samuel L. Raymond
       Thane Rehn
       Cecilia Vogel
       Assistant United States Attorneys

---

[56]  Sources: *United States v. Benito Del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012); *United States v. Soldaro*, 73 Cr. 167 (S.D.N.Y. 1973); *see also United States v. Corr*, 75 Cr. 803 (S.D.N.Y.), aff'd, 543 F.2d 1042 (2d Cir. 1976).