# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

**DJONIBEK RAHMANKULOV,**

v.                                     **Criminal No. 20 Cr. 653 (RA)**

**UNITED STATES OF AMERICA**

> **DEFENDANTS RESPONSE TO GOVERNMENT'S SUPPLEMENTAL SUBMISSION ON RESTITUTION (DKT. NO. 398).**

**Honorable Judge Abrams:1**

I, Djonibek Rahmankulov, submit this response to address the government's arguments in its supplemental submission on restitution, dated October 30, 2024. Below, Djonibek Rahmankulov, challenges the government's claims on evidentiary grounds, as well as on the selective and inconsistent apportionment of restitution. Mr. Rahmankulov, respectfully requests that the Court exercise its discretion in apportioning restitution equitably, in line with judicial precedents and statutory requirements under the Mandatory Victim Restitution Act (**MVRA**).

## 1. Challenge to Reliability of Key Evidence Citing Djamshed Nematov

The government relies on statements by **Djamshed Nematov** to support its case for full restitution amounts. However, Mr. Nematov's compromised mental state and his subsequent death following an encounter with New York City law enforcement on March 8, 2024, underscore the unreliability of his statements. The government should not rely on hearsay from a source whose mental capacity was questionable and who is unavailable for cross-examination due to his tragic passing. In line with **United States v. Jones,** *393 F.3d 107* (2d Cir. 2004), the Second Circuit has held that evidence must meet a threshold of reliability, especially where it forms a basis for significant restitution orders. See



1 of 5

https://ag.ny.gov/osi/footage/djamshed-nematov (October 30, 2024) (New York State Attorney General, Investigation into the Death of **Djamshed Nematov**)

- **Reliability of Testimonial Evidence from Kamalov and Nematov**: The government relies on testimony from **Anashon Kamalov**, who references a $155,000 transfer based on a screenshot allegedly sent by **Djamshed Nematov**, an individual with a documented history of mental illness. Given Nematov's compromised credibility and subsequent death, the evidence lacks necessary corroboration and invites scrutiny. **United States v. Bin Laden**, *126 F. Supp. 2d 264, 266* (S.D.N.Y. 2000), underscores that testimony dependent on indirect evidence from unreliable sources should be examined closely to ensure reliability, especially when it forms a basis for significant restitution.

- **Potential for Manipulated Evidence**: Screenshots, especially in today's digital landscape, are easy to manipulate, as demonstrated by public tools like ifaketextmessage.com. The court should consider the possibility of misrepresentation in evidence derived solely from images or digital media unaccompanied by direct financial documentation. Here, the absence of verifiable bank documentation or communications from the defendant further weakens the evidentiary foundation for restitution tied to this transfer.

- **Hearsay Concerns**: While the government might argue that Kamalov's testimony is admissible, **United States v. Mejia**, *545 F.3d 179, 199* (2d Cir. 2008), establishes that hearsay without strong corroboration is insufficient, particularly when an unavailable witness is involved. Nematov's compromised mental state and tragic death mean there was no opportunity to cross-examine him on this evidence. The court should treat the testimonial basis of this $155,000 transaction with caution.

## 2. Inconsistencies in Government's Apportionment Approach

### Selective Apportionment and Fairness Concerns

The government's approach to restitution differs unjustifiably among victims. For some entities, such as **Varitron** and **Cornerstone**, the government apportions restitution based only on funds that I allegedly laundered. Yet, for **Cape Cod Community College, Home Services Title**, and

DJONIBEK RAHMANKULOV
08873-509
FCI OAKDALE II
P.O BOX 5010
OAKDALE LA 71463



USPS CERTIFIED MAIL

9214 8901 4298 0409 8289 61



0010565646000011
Clerk of Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York NY 10007
USA

others, it seeks full restitution, despite clear evidence that only a portion of the funds passed through Djonibek Rahmankulov, accounts.

The government cites **United States v. Goodrich,** *12 F.4th 219, 228* (2d Cir. 2021), to support restitution based on reasonably foreseeable actions of co-conspirators. However, *Goodrich* also emphasized that restitution must consider each defendant's conduct within a conspiracy and that blanket restitution orders are inappropriate where a defendant's involvement is limited. Restitution here should be proportional to Djonibek Rahmankulov's actual role, particularly since the MVRA requires restitution only for "direct and proximate" harms, per **United States v. Walker,** *353 F.3d 130, 131* (2d Cir. 2003).

### Selective Apportionment Undermines Restitution Fairness

The court's discretion under the MVRA to ensure fairness in restitution orders is supported by **United States v. Nucci,** *364 F.3d 419, 423* (2d Cir. 2004), which acknowledges that restitution may reflect each defendant's contribution to the loss. This approach is particularly warranted in complex, multi-defendant conspiracies where individual roles are varied and distinct. To treat Djonibek Rahmankulov's, conduct as substantially equivalent to all co-conspirators would effectively overlook the nuanced apportionment that the MVRA intends for defendants in contributive roles, as emphasized in **United States v. Boyd,** *222 F.3d 47, 51* (2d Cir. 2000).

### Precedent for Limiting Restitution to Proven Contributions

In **United States v. Lacey,** *699 F. App'x 82* (2d Cir. 2017), the court held that restitution should align with each defendant's provable contributions. This is especially relevant when restitution demands extend beyond the funds directly managed by the defendant. Here, the government's insistence on full restitution undermines the principle that restitution should be equitably and proportionally distributed according to verified involvement.

## 3. Arguments for Apportionment Based on Specific Involvement

### Limited Role in Conspiracy

The government's portrayal of Djonibek Rahmankulov' role as "substantial" does not align with trial evidence, which shows Mr. Rahmankulov' involvement was limited to specific transactions.

The government's reliance on bank records and statements from individuals like Nematov fails to provide a clear and direct link between Djonibek Rahmankulov', actions and the full extent of the losses experienced by each victim. As in **United States v. Gushlak,** *728 F.3d 184* (2d Cir. 2013), restitution must reflect only those losses that are a direct result of a defendant's actions. Here, the government's blanket restitution request exceeds this limitation.

### Disparity in Restitution Requests Across Victims

The MVRA mandates that restitution orders be fair, consistent, and tied to each defendant's direct involvement. The Court should therefore apply the government's own method of apportionment used with Varitron and Cornerstone to all victims, aligning with judicial precedent that prioritizes equitable distribution of liability.

### Government's Own Admission Regarding Co-Defendant Liability

The government notes in its footnote in its October 30, 2024, submission: *"Joint and several liability is not possible here where neither the defendant's co-conspirators in the conspiracy to launder the computer hacking proceeds nor the computer hackers are charged in this case."* By failing to charge other involved parties, the government unfairly burdens me with the total restitution. Restitution should reflect proven contributions, not prosecutorial choices, as noted in **United States v. Yalincak,** *555 F.3d 126* (2d Cir. 2009).

## 4. Request for Exclusion of the $2,931.98 Write-off for Home Services Title

The government's renewed claim for $2,931.98 in unrecoverable funds conflicts with its previous concessions and is not substantiated by reliable evidence. This amount was previously agreed to be a non-recoverable write-off and should be excluded from the restitution calculation. The principle established in **United States v. Yalincak,** *555 F.3d 126* (2d Cir. 2009), confirms that only provable, recoverable losses are subject to restitution, further supporting the exclusion of this disputed amount.

## Conclusion

In light of the Court's order and the government's submission, I respectfully request that the Court:

1. **Exclude the $2,931.98 write-off claimed by Home Services Title** as it was previously deemed non-recoverable.

2. **Apply proportional apportionment of restitution across all victims**, consistent with the approach used for Varitron and Cornerstone, to reflect the limited nature of Djonibek Rahmankulov', involvement.

3. **Consider the unreliability of statements by Djamshed Nematov** as evidence in support of restitution, given his documented mental health issues and subsequent death.

*"Given the foundational issues with the government's reliance on uncorroborated testimony and unverified screenshots, particularly from individuals with compromised credibility, I respectfully request the Court to exercise its discretion and reject restitution claims based on this unreliable evidence. Furthermore, restitution must align with my direct involvement and the established precedent for apportioning responsibility fairly among conspirators."*

I trust that this approach will uphold the principles of fairness and proportionality central to the MVRA and relevant Second Circuit precedent.

October 31, 2024

**Respectfully submitted,**

*Djonibek Rahmankulov*
**Djonibek Rahmankulov**